UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARIA OTAVALO,

          Plaintiff,

    -against-

UNITED STATES OF AMERICA,

          Defendant.
----------------------------------X

**MEMORANDUM & ORDER**

09-CV-5446 (KAM)(SMG)

**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

      *Pro se* plaintiff, Maria Otavalo ("plaintiff"), brings this action for damages against the United States (the "government") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.*, arising from a motor vehicle accident between plaintiff and an employee of the Drug Enforcement Administration ("DEA") of the United States Department of Justice.  The government moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction for failure to exhaust administrative remedies.  (*See generally* ECF No. 13, Mot. to Dismiss.)  Plaintiff opposes the motion.  (*See generally* ECF No. 13, Attach. 4, Aff. in Opp. ("Pl.'s Aff. in Opp.").)  Because the plaintiff failed to exhaust the administrative procedures mandated by the FTCA prior to commencing this action, this court lacks subject matter

1

jurisdiction over the action, and accordingly dismisses all claims against the government without prejudice.

## BACKGROUND[1]

On October 6, 2009, plaintiff was involved in a motor vehicle accident (the "Accident") with an automobile driven by Raymond Donovan ("Mr. Donovan"), an employee of the DEA. (Notice of Removal ¶¶ 2-4.) Following the Accident, plaintiff initiated this action by filing a Notice of Claim in Queens County Small Claims Court. (Notice of Removal ¶ 1; Notice of Claim.) Plaintiff alleged that she suffered damages to her automobile as a result of the Accident with Mr. Donovan. (Notice of Removal ¶ 2; Notice of Claim.)

At the time of the Accident, Mr. Donovan was acting within the scope of his employment as an employee of the DEA.

---

[1] The following facts are taken from plaintiff's Notice of Removal and the exhibits attached thereto, including plaintiff's Notice of Claim and Summons to Appear ("Notice of Claim"), which was originally filed in the City of New York, Small Claims Part, Queens County ("Queens County Small Claims Court") and subsequently removed to this court, and the government's Certification of Scope of Employment and Notice of Substitution of United States of America as Party Defendant ("Certification of Scope of Employment"). (*See* ECF No. 1, Notice of Removal dated December 14, 2009 ("Notice of Removal") & Ex. A, Certification of Scope of Employment and Notice of Substitution of United States of America as Party Defendant dated December 14, 2009 ("Certification of Scope of Employment") & Ex. B, Notice of Claim and Summons to Appear ("Notice of Claim").) Where indicated, the factual background is supplemented by a sworn affidavit provided to the court as an attachment to the government's Motion to Dismiss. (*See generally* ECF No. 13, Ex. 3, Decl. of Karen K. Richardson dated August 16, 2010 ("Richardson Decl."). This affidavit is properly considered on a motion for dismiss for lack of subject matter jurisdiction. *See King County, Wash. v. IKB Deutsche Industriebank AG*, 712 F. Supp. 2d 104, 112 (S.D.N.Y. 2009) ("A district court may refer to evidence outside the pleadings such as sworn affidavits, correspondence between the parties, contracts, or other relevant documents" in order to resolve a motion to dismiss for lack of subject matter jurisdiction.) (internal citations and quotation marks omitted).

(Notice of Removal ¶¶ 4-5; Certification of Scope of Employment.) Accordingly, this action was removed from Queens County Small Claims Court to the United States District Court for the Eastern District of New York ("Eastern District") on December 14, 2009, pursuant to 28 U.S.C. § 1442(a)(1) and § 2679(d)(2). (Notice of Removal ¶¶ 1, 7.) Pursuant to 28 U.S.C. § 2679(d)(1), the United States was substituted as the sole party defendant. (Notice of Removal ¶ 5; *see* Certification of Scope of Employment.)

Prior to commencing this action, plaintiff did not file an administrative tort claim relating to the Accident, nor did plaintiff file such a claim at any time prior to removal of this action from Queens County Small Claims Court to the Eastern District. (Richardson Decl. ¶¶ 5-11.) On August 2, 2010, however, plaintiff submitted an SF-95 administrative tort claim form to the Assistant United States Attorney during a status conference before Chief Magistrate Judge Gold. (*Id.* at ¶ 12; 8/2/10 Minute Entry for Status Conference ("8/2/10 Minute Entry").) The Assistant United States Attorney subsequently forwarded the SF-95 form to the DEA. (Richardson Decl. ¶ 12.)

At the August 2, 2010 status conference, plaintiff declined the government's offer to stipulate to dismiss the case without prejudice while her administrative claim was pending. (8/2/10 Minute Entry.) The court accordingly allowed the

3

government to move to dismiss the action, which it did on August 18, 2010. (*See generally* Mot. to Dismiss.) Plaintiff filed an Affidavit in Opposition on September 7, 2010. (*See generally* Pl.'s Aff. in Opp.) The government did not submit a reply. (ECF No. 14, 9/15/10 Letter from Landau to the Court at 1.)

**DISCUSSION**

The government argues that plaintiff's case must be dismissed without prejudice pursuant to Rule 12(b)(1) because plaintiff failed to exhaust her administrative remedies prior to initiating this federal action. (Mot. to Dismiss at 1, 3-5.) Plaintiff opposes the government's motion, arguing that she has a "legitimate claim for damages to [her] car" and that the government "should not get away with [damaging her car] without paying." (Pl.'s Aff. in Opp. at ¶ 3.) Plaintiff does not contend that she has exhausted her administrative remedies under the FTCA. (*See generally* Pl.'s Aff. in Opp.)

**I. Standard of Review**

Rule 12(b)(1) allows a district court to dismiss a case for lack of subject matter jurisdiction if the court "'lacks the statutory or constitutional power to adjudicate [the case].'" *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In reviewing a Rule 12(b)(1) motion to dismiss, "the Court assumes as true the factual

4

allegations in the complaint, and resolves any factual ambiguities in favor of the plaintiff." *Fraser v. United States*, 490 F. Supp. 2d 302, 307 (E.D.N.Y. 2007). However, jurisdictional inferences should not be drawn in the plaintiff's favor. *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998). In resolving a motion to dismiss for lack of subject matter jurisdiction, courts may consider evidence outside of the pleadings. *See Makarova*, 201 F.3d at 113; *Thomas v. Metro. Corr. Ctr.*, No. 09-CV-1769, 2010 WL 2507041, at *1 (S.D.N.Y. June 21, 2010). A plaintiff asserting subject matter jurisdiction has the burden of proving that jurisdiction exists by a preponderance of evidence when opposing a 12(b)(1) motion to dismiss. *Aurecchione*, 426 F.3d at 638..

Because plaintiff is proceeding *pro se*, her papers must be read liberally and interpreted as raising the strongest arguments they suggest. *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006); *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004).

**II. Analysis**

Although the United States is generally entitled to sovereign immunity from suit, the FTCA grants subject matter jurisdiction to federal courts over claims against the United States seeking money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting

5

within the scope of his . . . employment . . ..." 28 U.S.C. § 1346(b)(1); *see, e.g.*, *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005).

A plaintiff invoking federal subject matter jurisdiction pursuant to the FTCA must completely exhaust administrative remedies by filing a claim "in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); *see also* 28 U.S.C. § 2675(a). In fact, the FTCA commands that a claimant shall not institute a lawsuit against the United States for money damages for personal injury or loss of property "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

The Supreme Court has held that this statutory command is "unambiguous." *See McNeil v. United States*, 508 U.S. 106, 111 (1993). Therefore, where a plaintiff fails to present an administrative tort claim to the appropriate federal agency prior to filing a claim for damages under the FTCA in federal court, the district court lacks subject matter jurisdiction to entertain that claim, and the case must be dismissed. *Id.* at 113 (holding that the FTCA exhaustion requirement is jurisdictional and that the subsequent denial of an administrative claim cannot cure a prematurely filed action

invoking the FTCA); *see also Megna ex rel. Megna v. F*ood and Drug Admin., 377 Fed. Appx. 113, 115 (2d Cir. 2010); *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983) (holding that the exhaustion requirement "is jurisdictional and cannot be waived"); *Tomaino v. United States*, No. 09-CV-1578, 2010 WL 1005896, at *2 (E.D.N.Y. Mar. 16, 2010) (dismissing claim stemming from a motor vehicle accident for lack of subject matter jurisdiction where plaintiff failed to file an administrative tort claim in compliance with the FTCA prior to bringing the action).

In the instant case, plaintiff has failed to plead that she exhausted her administrative remedies prior to bringing this action. (*See* Notice of Claim.) Furthermore, the DEA records indicate that plaintiff failed to file an administrative tort claim related to the Accident at any time prior to the commencement of this suit in the Queens County Small Claims Court and prior to removal of the action to the district court on December 14, 2009. (Richardson Decl. ¶¶ 5-11.) Rather, plaintiff first submitted an SF-95 administrative tort claim form to the Assistant United States Attorney at a status conference held in this case on August 2, 2010, which the Assistant United States Attorney subsequently forwarded to the

DEA.[2] (Richardson Decl. ¶ 12; 8/2/10 Minute Entry.) Therefore, plaintiff has failed to exhaust her administrative remedies, and the instant action must be dismissed without prejudice for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Tarafa v. B.O.P. MDC Brooklyn*, No. 07-CV-00554, 2007 WL 2120358, at *3-4 (E.D.N.Y. July 23, 2007) (dismissing FTCA claim without prejudice for failure to exhaust administrative remedies); *see also Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009) ("[A] dismissal for failure to exhaust available administrative remedies should be 'without prejudice'. . ..").

## **CONCLUSION**

For the foregoing reasons, the court grants the government's motion to dismiss and dismisses the claim against the United States without prejudice. The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on the plaintiff, to make a notation of service in the

---

[2] The defendant has represented to the court that the DEA intends to adjudicate plaintiff's FTCA administrative claim within six months of its filing – or by February 2, 2011. (*See* ECF No. 15, 11/1/10 Letter from Landau to the Court at 2.) If the DEA fails to finally adjudicate the administrative claim by that date, the claim may be deemed exhausted. *See* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.") Plaintiff may refile her FTCA claim in this court after her administrative remedies are exhausted.

docket, to enter judgment accordingly, and to close the case.

**SO ORDERED.**

Dated:    Brooklyn, New York
           November 30, 2010

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York